UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRABUS GmbH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 20-cv-03720 |
| | ) | |
| v. | ) | Hon. Steven C. Seeger |
| | ) | |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Guangzhou Dcr Tuning Trade Co.'s motion to vacate the judgment (Dckt. No. [62]) is hereby denied. There is no judgment to vacate. At least not yet. And in any event, this Court has personal jurisdiction over Defendant, so there is no reason to cut the company loose.

By way of background, Plaintiff BRABUS GmbH filed this case against dozens of defendants listed in an accompanying "Schedule A" to the complaint. BRABUS contends that Defendants are infringing on its trademarks by selling and offering to sell counterfeit products. It sued 166 unrelated defendants all at once, in a single case, for the price of a single filing fee.

As an aside, so-called "Schedule A" cases have become something of a cottage industry in this judicial district. The plaintiffs' bar files hundreds of Schedule A cases here each year, alleging that thousands upon thousands of foreign sellers are selling fake goods on various websites. In case after case, over and over again, the plaintiffs' bar asks courts in this district to enjoin online counterfeit sales. After the entry of injunctions, new sellers inevitably pop up – the

judicial equivalent of Whac-A-Mole, or maybe a hamster wheel – and plaintiffs then respond by filing new cases. At that point, the whole thing starts all over again, from square one. It has become the Northern District of Illinois vs. The Internet.

The volume of cases is so great that the filings have an almost rote feel to them. The exercise has a cut-and-paste flavor. All too often, plaintiffs' counsel simply take old filings from an earlier case, swap out the names, do a little tinkering, and then file them again on behalf of some other client (or maybe the same client, for repeat players).

This case is a good example of that phenomenon. Most of the filings from Plaintiff's counsel are substantively indistinguishable from other cases filed on behalf of other clients involving other products. The cut-and-paste feel was so strong that this Court had to do some digging simply to find what products are at issue. After digging around, sifting through the docket, and searching high and low, this Court finally hit pay dirt: BRABUS sells automotive aftermarket products. Examples include spoilers, body kits, carbon fiber splitters, custom upholstery, and anything else you need to trick-out your vehicle. *See* Declaration of Stefan Gerhard Hosters, at ¶ 3 (Dckt. No. 11-1).

Most of the time, in Schedule A cases, the defendants do not respond to the complaint, and the plaintiffs later roll in and ask for a default judgment. That's exactly what happened here. The Schedule A defendants did not respond to the complaint by the deadline, so BRABUS moved for a default judgment. Judge Norgle (this Court's predecessor, before his retirement after 38 years of public service in this district) granted that motion.

Defendant Guangzhou Dcr Tuning Trade Co. now moves to set aside the judgment. Defendant argues that this Court lacks personal jurisdiction because it has no connection to

Illinois. So it ask this Court to set aside the judgment as void under Federal Rule of Civil Procedure 60(b)(4).

A motion to set aside a judgment presupposes the existence of a judgment. And that's where the motion runs into some trouble. There is no judgment to vacate.

Rule 58 expressly provides that a judgment must appear on the docket as a separate document: "Every judgment and amended judgment must be set out in a separate document." *See* Fed. R. Civ. P. 58(a). The rule promotes clarity, by ensuring that it is crystal clear what is a judgment and what is not. Without a separate document, there is no judgment.

Here, Judge Norgle granted the motion for default judgment in a written order, but did not enter a separate judgment against the Defendants. There is no separate document, so there is no judgment. As things stand, there is no judgment to vacate. You can't set aside something that isn't there.

Even so, Rule 60(b) does sweep more broadly than judgments. It covers a challenge to a "final judgment, order, or proceeding." *See* Fed. R. Civ. P. 60(b). The heading of Rule 60 cements the point: "Relief from a Judgment or Order." *See* Fed. R. Civ. P. 60. For the sake of argument, the Court construes the motion as a challenge, under the catch-all provision of Rule 60(b)(6), to the order granting the motion for default judgment.

Turning to the merits, the motion is about personal jurisdiction. BRABUS brought a claim for trademark infringement under the Lanham Act, alleging that Defendant sold or offered to sell counterfeit automotive products. Guangzhou Dcr Tuning Trade Co. argues that this Court lacks personal jurisdiction because it had only one limited interaction in this state. In its view, that limited track record is insufficient to show that it "purposefully availed" itself of the opportunity to do business in Illinois. *See* Def.'s Mtn. to Vacate, at 4 (Dckt. No. [62]).

The Seventh Circuit most recently addressed personal jurisdiction in the context of online retailers in *NBA Properties, Inc. v. HANWJH*, 46 F.4th 614 (7th Cir. 2022). There, the Seventh Circuit reaffirmed three requirements for personal jurisdiction: (1) the defendant's contacts with the forum state must show that "it purposefully availed itself of the privilege of conducting business in the forum state or purposefully directed its activities at the state," (2) the alleged injury "must have arisen out of the defendant's forum-related activities," and (3) the exercise of personal jurisdiction would "comport with traditional notions of fair play and substantial justice." *Id.* at 623; *see also Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 398 (7th Cir. 2020).

In *NBA Properties*, the Seventh Circuit held that a single sale to a buyer in Illinois was enough to establish personal jurisdiction. The defendant company "created an interactive website and explicitly provided that Illinois residents could purchase its products through that website, arranged for the sale of its products through third-party websites, sent written confirmation to the Illinois customers acknowledging their sale and including their Illinois shipping address, and then, shipped the product to its customers who were in Illinois." *NBA Props.*, 46 F.4th at 624 (cleaned up). The focal point was the defendant's own actions: "[I]n assessing purposeful direction, what matters is [the defendant's] structuring of its own activities so as to target the Illinois market." *Id.*

Here, Guangzhou Dcr Tuning Trade Co. took action and purposefully availed itself of Illinois. The record includes a screen shot of a page from Alibaba.com. *See* Pl.'s Response to Mtn. to Vacate, Exhibit 1 (Dckt. No. 64-2). It shows that Guangzhou Dcr Tuning Trade Co. was willing to sell a spoiler to a buyer in Naperville, Illinois. *Id.* at 17.

The record also includes a chat log between Defendant and a would-be buyer. *Id.* at 14–16. The buyer asked if Defendant shipped to Naperville, Illinois, and Defendant responded: "Yes we can." *Id.* at 14. Defendant even gave a specific price for the shipping costs to that zip code. *Id.* Defendant then sent an invoice showing shipment to Naperville, Illinois. *Id.* at 15.

Those communications are more than enough to show purposeful availment. Defendant was ready, willing, and able to ship products to a specific address in the Chicagoland suburbs. It purposefully directed its actions toward Illinois. Defendant subjected itself to jurisdiction here by demonstrating a willingness to sell products here.

Litigating here may not be convenient, but that comes with the territory. Foreign counterfeiters who attempt to sell fake products here do so at a price, and part of the price is the risk of litigation. Defendant points to no unusual burden in being subject to the jurisdiction of a court in Illinois. When the business is selling fake products abroad, part of the cost of doing business is getting sued abroad.

The motion to vacate is hereby denied.

Date: October 13, 2022

Steven C. Seeger
United States District Judge